**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Greater New York Nursing Home Division
of the 1199/SEIU Greater New York Benefit
Fund, 1199 / SEIU Greater New York Education
Fund, 1115 Legal Services and Benefit Fund,

                              Plaintiffs,

          - against -

Verrazano Staffing, Inc.,

                              Defendant.
-----------------------------------------------------------X

**ORDER**

05-CV-4116 (JG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Plaintiffs filed the instant action on August 26, 2005. (*See* Docket Entry #1). Defendant was served with a copy of the summons and complaint on September 23, 2005. (*See* Docket Entry #3). Defendant did not file an answer within the time permitted by Fed. R. Civ. P. 12(a)(1)(A),[1] and therefore plaintiffs moved for a default judgment on December 20, 2005. (*See* Docket Entry #4). Upon so moving, the Clerk of the Court refused to execute the requisite certificate of default pursuant to Local Civil Rule 55.1, because the affidavit of service indicated that the summons and complaint were served upon a "Jane Doe." (*See* Docket Entry # 5). Plaintiffs now seek an order directing the Clerk of the Court to execute a certificate of default. (*Id.*). The District Judge has referred this matter to the undersigned for resolution.

      In order to obtain a certificate of default the party seeking a default judgment must show that "the pleading to which no response has been made was properly served." Local Civil Rule 55.1. If service was not properly effected upon a defendant the Court lacks personal jurisdiction

---

[1] To date, defendant still has not filed an answer. (*See* Docket Sheet).

over the defendant and may not enter a default judgement. *See, e.g., United States v. Cally*, 197 F.R.D. 27, 28 (E.D.N.Y. 2000); *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986).

Defendant is a corporation with its principal place of business in Brooklyn, New York. (*See* Compl. at ¶ 5). Service upon a corporation may be made "by delivering a copy of the summons and complaint to an officer, a general or managing agent or to any other agent authorized by appointment or law to receive service of process...." Fed. R. Civ. P.. 4(h)(1). A process server's affidavit of service is *prima facie* evidence that service was properly effected. *See Old Republic Ins. Co. v. Pacific Fin. Serv. of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002); *Maersk, Inc. v. MTC Transp. Corp. and 716 Corp.*, No. 03-CV-5697 (FB) (RML), 2005 WL 1492380, at *3 (E.D.N.Y. June 24, 2005). In addition, a process server may reasonably rely upon a corporation's employees to identify individuals authorized to accept service on behalf of the corporation. *Old Republic Ins. Co.*, 301 F.3d at 57.

Plaintiffs complied with the procedural requirements of Fed. R. Civ. P. 4(h)(1). The affidavit of service, filed on September 30, 2005, states that on September 23, 2005 a copy of the summons and complaint was served on defendant at its principal place of business. The affidavit further states that a copy was delivered to a "Jane Doe," a person the process server "knew . . . to be the managing agent of the [defendant] corporation, and authorized to accept service on behalf of the corporation." As the defendant has not appeared in this action there are no contrary facts to rebut the presumption of proper service. *See Old Republic Ins. Co.*, 301 F.3d at 57 (in the absence of contrary facts the Court presumed that the defendant was properly served); *cf. Davis v. Musler*, 713 F.2d 907 (2d Cir. 1983) (hearing required where defendants submitted affidavits

stating they were not home at the time of the alleged personal service at their home). The affidavit of service is *prima facie* proof of proper service that has not been rebutted by the defendant. Therefore, plaintiffs should be deemed to have made proper service upon the defendant whom has failed to respond. Accordingly, the default of the defendant should be entered and a certificate of default executed.

For the foregoing reasons the Clerk of the Court is hereby directed to execute a certificate of default in accordance with Local Civil Rule 55.1. Plaintiffs are also ordered to serve a copy of this Order on defendant by certified mail, return receipt requested, and file proof of such service electronically.

**SO ORDERED.**

Dated: Brooklyn, New York
March 30, 2006

/s/ Ramon E. Reyes, Jr.
RAMON E. REYES, JR.
United States Magistrate Judge